## J. A. WEIRMAN v. STATE.

No. A-2369.   Opinion Filed October 30, 1915.

(152 Pac. 141.)

INTOXICATING LIQUORS — Unlawful Possession — Evidence. In a prosecution for having possession of intoxicating liquors with intent to violate provisions of the prohibitory law, where the evidence shows that the amount of such liquors in the defendant's possession at his home was less than the amount prescribed by section 6, ch. 26, Session Laws 1913, declaring that the keeping in excess of a certain amount of intoxicating liquors "shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors," and where there is a total absence of direct or presumptive evidence to sustain the charge, the judgment of conviction will be reversed.

*Appeal from County Court, Pawnee County;*
*Geo. C. Merritt, Judge.*

J. A. Weirman was convicted of a violation of the prohibitory law, and appeals.   Reversed.

*McNeill & McNeill,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error, J. A. Weirman was convicted and sentenced to pay a fine of fifty dollars and be confined in the county jail for thirty days, upon an information charging that on the 12th day of May, 1914, he and his wife Lou Weirman did have the unlawful possession of certain beer with the unlawful intent to sell the same.   When the case was called for trial it was shown that Mrs. Weirman by reason of sickness was unable to leave her home to attend the trial.

Upon the separate trial of the plaintiff in error, the evidence for the state shows that the sheriff, under-sheriff and county attorney in executing a search warrant visited the home of the defendants and there found about fifty bottles of beer and a

bottle of whisky. The possession of said liquor was the only inculpatory fact proven.

When the state rested, the defendant filed the following motion:

"Mr. McNeill: Comes now the defendant herein and moves the court to instruct the jury to return a verdict of not guilty for the reason that the evidence offered on behalf of the state is not sufficient to sustain a verdict of guilty, the state having introduced no evidence except that at the residence of the defendant was fifty quarts of beer and one quart of whisky, the same being less than one gallon of whisky, and less than one cask of beer, therefore being nothing more than the mere possession of liquor and not of a sufficient amount to create the presumption that the same was held for sale.

"The Court: Overruled."

As a witness in his own behalf the defendant testified that five or six days prior to the seizure he had received a barrel of beer and introduced the records of the express company showing this fact; that he and his family had consumed about twenty bottles of beer and he had fifty left when the seizure was made.

The assignments of error question the sufficiency of the evidence to support the verdict, and it is urged that the evidence for the state shows that the search warrant issued and the liquor was seized in direct violation of the statute, which provides:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort." (Section 3616 Rev. Laws.)

We have carefully examined the record and are fully convinced that the evidence in this case is entirely insufficient to sustain the conviction. The rule of evidence prescribed by the statute in cases of this kind, Section 6, Ch. 26 Session Laws, 1913, declaring that the keeping in excess of "one gallon of spirituous, or one gallon of vinous, or more than one cask of malt liquors, or any imitation thereof, or substitute therefore. . . . shall be *prima facie* evidence of an intention to convey, sell, or otherwise dispose of such liquors," was not met by the evidence in this case. For this reason in the absence of any evidence from which the

jury could rationally conclude that the defendant was guilty, we think it would have been a proper exercise of the power vested in the trial court to have advised an acquittal of the defendant upon the ground that the evidence was insufficient to sustain a conviction. There is nothing in the testimony of the witnesses for the state that tends to show that the defendant's home, where the liquor was seized, came within any of the exceptions of the statute above quoted.

In *Foreman* v. *The State,* 8th Okla. Cr. 480, 128 Pac. 1101, it is said:

"The bill of rights is something more than a mere compilation of glittering generalities. Some of its provisions constitute a formal and public declaration of popular rights and liberties. The guarantee in Art. 2, Sec. 30 (38 William's) that 'the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches, or seizures shall not be violated,' should be respected by all peace officers and law-abiding citizens." And the statute (Section 3616 Rev. Laws) is in accordance with the bill of rights.

Because the evidence is insufficient to support the verdict, the judgment is reversed.