## GEORGE BUTLER v. STATE.

No. A-2623.    Opinion Filed September 30, 1916.

(159 Pac. 1090.)

INTOXICATING LIQUORS—Offenses. Under section 6, c. 26, Session Laws 1913, declaring that the keeping in excess of a certain amount of intoxicating liquors "shall be 'prima facie evidence' of an intention to convey, sell, or otherwise dispose of such liquors," it is error to charge that "the keeping in excess of one gallon of spirituous liquor, constitutes prima facie evidence of intent to convey, sell or otherwise dispose of such liquor, and places upon the defendant the burden of raising a reasonable doubt of his guilty intent to so convey, sell or dispose of such liquor," since the statute only means to make such evidence competent and sufficient to establish the unlawful intent, unless rebutted or the contrary proved, yet it does not make it obligatory upon the jury to convict after the presentation of such proof. Whether or not such evidence is sufficient to overcome the presumption of innocence of a defendant, and to establish his guilt beyond a reasonable doubt, when all the evidence, including the presumptions is considered, is for the determination of the jury.

*Hal Johnson, Judge.*

*Appeal from the County Court of Pottawatomie County.*

George Butler, convicted of a violation of the prohibitory law, appeals. Reversed.

*Mark Goode,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., *R. McMillan,* Asst. Atty. Gen. for the State.

PER CURIAM. On information charging that he did have in his possession two gallons of whisky and eighty bottles of beer with the unlawful intent to sell the same, George Butler, was convicted in the county court of Pottawatomie county and his punishment fixed at a fine of Four Hundred and Ninety-Three Dollars and Thirty Cents, and confinement in the county jail for the term of four months. From the judgment rendered on the verdict he appealed by filing in this court on January 5, 1916, a petition in error with case-made.

The evidence shows that in serving a search warrant against the place where the defendant Butler lived with his family in the negro part of the city of Shawnee, the sheriff and his deputies found there intoxicating liquors as charged in the information.

The defendant as a witness in his own behalf testified that he had resided in Shawnee with his family for seventeen years, and that the liquor seized was for his own personal use and the use of his wife; that he did not intend to sell, barter, give away or otherwise furnish said liquor.

Of the numerous assignments of error it is only necessary to consider the one that the court erred in instructing the jury.

It appears that the court gave the following instruction:

. "You are instructed that under the law of this State, the keeping in excess of one gallon of spirituous liquor, constitutes prima facie evidence of intent to convey, sell or otherwise dispose of such liquor, and places upon the defendant the burden of raising a reasonable doubt of his guilty intent to so convey, sell or dispose of such liquor. Given and excepted to by defendant. Hal Johnson, County Judge."

The Attorney General has filed a confession of error, based upon the giving of this instruction and citing the cases of *Havill v. State,* 11 Okla. Cr. 483, 148 Pac. 683; *Caffee v. State,* 11 Okla. Cr. 485, 148 Pac. 680; *Wilson v. State,* 11 Okla. Cr. 510, 148 Pac. 823; *Sellers v. State,* 11 Okla. Cr. 588, 149 Pac. 1071.

We think the confession of error is well taken and should be sustained  The term "Prima Facie Evidence," as used in the statute is such evidence as, in the judgment of the law, is sufficient to establish the fact, if it be credited by the jury, and evidence of such possession is sufficient to establish the unlawful intent, unless rebutted or the contrary proved, yet it does not make it obligatory upon the jury to convict after the presentation of such proof.  Whether or not such evidence is sufficient to overcome the presumption of innocence of the defendant and to establish his guilt beyond a reasonable doubt, when all the evidence including the presumptions is considered is for the determination of the jury.  For the reasons stated, we are of the opinion that the instruction complained of is erroneous and prejudicial. It follows that the judgment should be and the same is hereby reversed and a new trial granted.