## A. H. ALLEN et al. v. STATE.

No. A-4151.   Opinion Filed Oct. 13, 1923.
(218 Pac. 896.)

(Syllabus.)

1.   Intoxicating Liquors—Estimate of Quantity in Possession Insufficient as Prima Facie Evidence of Intent to Sell.   An estimate of the quantity of intoxicating liquor in the possession of the accused held insufficient to constitute prima facie evidence of the intent of the possessor to illegally dispose of the same.

2.   Evidence—Evidence Procured by Officer of Court by Illegal Search.   Evidence procured by an officer of the court by means of an illegal or unauthorized search is inadmissible.

Appeal from County Court, Hughes County; Owen H. Rives, Judge.

A. H. Allen and another were jointly convicted of the unlawful possession of intoxicating liquor, and they appeal. Reversed.

Anglin & Stevenson, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J.   The plaintiffs in error, here designated the defendants, were jointly charged with having unlawful possession of intoxicating liquor, and on October 17, 1921, were found guilty as charged.   The court, in rendering judgment upon the verdict of guilty, fixed the punishment of each defendant at a fine of $100 and costs, and a term of 30 days in the county jail.   From this judgment defendants appeal to this court.

The evidence shows that the sheriff and his deputy, in their official capacity, went to the premises of Bob Steelman, father of C. S. Steelman, one of the defendants, armed with blank search warrants, to be filled out and used as the exi-

gencies of the occasion might demand, for the purpose of searching the premises of Bob Steelman; also the house of his son, C. S. Steelman. Defendant Allen, a neighbor, was there when these officers arrived; Bob Steelman had previously left the premises and gone to town. As the officers approached the house, Allen was drinking corn whisky out of a quart fruit jar, and at the suggestion of his codefendant, C. S. Steelman, he threw the jar against a stone churn, breaking both and spilling the whisky on the floor. The defendants walked rapidly away and were overtaken by the officers and arrested. The officers, after inspecting the broken vessels, stated that it looked as though a large quantity of this liquor, probably more than a gallon, had been spilled on the floor. There was no direct evidence of any sale or of an intent to sell except as before stated.

The defendants claim: First, that the evidence was insufficient to sustain the verdict; and, second, that the evidence upon which this conviction rests was obtained by the officers in their official capacity, by means of an unauthorized search, and that the evidence so obtained was introduced over the timely objection of the defendants.

The record bears out both these contentions. The officers could not, with any exactness, estimate the quantity of liquor spilled on the floor, so as to make it prima facie evidence of an intent to violate the prohibitory law, implicating these defendants. The evidence obtained by an unauthorized search, under the circumstances here, comes within the rule announced in Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545.

The judgment of the trial court is reversed.

MATSON, P. J., and DOYLE, J., concur.