## CLARENCE FOLEY v. STATE.

No. A-4287.   Opinion Filed Oct. 22, 1923.
(219 Pac. 179.)

(Syllabus.)

1.   Evidence—Evidence Obtained by Illegal Search and Seizure. Evidence obtained by an officer of the court by means of an illegal search and seizure is inadmissible.

2.   Trial—Intoxicating Liquors—Instruction as to Presumption Arising from Possession Held Erroneous. An instruction touching upon the weight of the testimony, presumptions, and reasonable doubt, as recited in the opinion, examined and found erroneous.

Appeal from County Court, Harmon County; E. C. Abernathy, Judge.

Clarence Foley was convicted of the illegal possession of intoxicating liquor, and he appeals. Reversed.

A. M. Stewart and H. H. Edwards, for plaintiff in error. The Attorney General, for the State.

BESSEY, J. Clarence Foley, plaintiff in error, defendant in the trial court, was by verdict of a jury, rendered January 27, 1922, found guilty of the illegal possession of intoxicating liquor, and his punishment assessed at confinement in the county jail for a period of 30 days and a fine of $250. From the judgment on this verdict, he appeals.

In this case, for the purpose of obtaining a search warrant, the sheriff of Harmon county made a complaint under oath, stating that "there is probable cause to believe and affiant does believe that intoxicating liquors are being made, manufactured, stored, and sold" on the defendant's farm, one-half mile west of Stevens school house in Harmon county. Upon this showing the county court issued a search warrant, directing the sheriff to search the premises and to seize and take into his possession all such liquors there found, together with the vessels in which they are contained, and all implements, furniture, and fixtures used in the manufacturing, storing, or selling of such liquors, and to safely keep the same, and to make due return, as required by law. The sheriff, in the absence of the defendant, made a search and seizure, as shown by the following return:

"I, the undersigned, W. A. Horton, sheriff of said county and state aforesaid, do hereby certify that I received the within writ, to me directed, on the 22d day of December, 1921, at 4 o'clock p. m., and, in obedience to the commands thereof, on the 23d day of December, 1921, went to the premises therein described, and after diligent search I found upon and about said premises intoxicating liquors and property described as follows: About one quart of corn whisky in chicken coops in yard, and about one quart of corn whisky in dugout, and about four or five gallons of mash in dugout, and eighteen packages of yeast foam; said liquors and property then and there being in the possession of Clarence Foley. I served a copy of said warrant upon Mrs. Clarence Foley."

After the seizure, no attempt was made to comply with the statutes relative to the disposition of the property seized. From this we assume that the purpose of the search was not made for the purpose of confiscating contraband property, but to procure evidence against the defendant. This ordinarily

is not the purpose of a search warrant.  Chapter 52, art. 2, Comp, Stat. 1921.

The defendant, as a witness in his own behalf, denied having possession of the liquor there found, and denied that he ever manufactured or sold this or any other liquor. There was no evidence to the contrary, beyond the presumption that might arise from the finding of the liquor and mash upon his premises; there was no evidence of a still or parts of a still, or other evidences of manufacturing liquor, except the constructive possession before mentioned.

Over the objections and exceptions of the defendant, the court permitted the two quarts of whisky obtained from the premises by means of the search and seizure to be introduced in evidence.  It will be noted that the search warrant was issued upon an affidavit predicated upon information and belief only.  This court held, in the recent case of Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545, that such an affidavit should state facts showing probable cause, and that a search warrant predicated upon information and belief only is without authority of law and void.  In the Gore Case it was further held that evidence procured by means of an unauthorized search was inadmissible.  For a more comprehensive analysis of these questions, reference is made to the Gore Case, supra.

Upon the question of the presumption arising from possession, the court gave the following instruction:

"You are instructed that if you find from the evidence that the defendant was living upon the premises and his family was actually present, although he himself had gone to Mangum at the time the sheriff made the raid, then all the legal requirements for the possession of the premises are satisfied; and if there were any intoxicating liquors found by the officers on the premises, as charged in the informa-

tion, then all the legal requirements of the law as to the possession of the liquor are satisfied, unless there has been submitted sufficient evidence in rebuttal to raise a reasonable doubt in your minds to the contrary.''

This instruction, in connection with the statutory definition given on prima facie evidence, is faulty, in that it is an unwarranted comment upon the weight of the evidence and incorrect conclusions of law deduced from the undisputed facts. The house and curtilage where the two quarts of whisky were found were not the place of business of the defendant, within the meaning of section 6999, Comp. Stat. 1921; they were the residence of the defendant, within the meaning of this section. The mere fact, then, of finding two quarts of liquor near and about the residence of the defendant did not constitute statutory prima facie evidence of his intent to convey, sell, or otherwise dispose of such liquor; nor was there prima facie evidence of his having manufactured the same. This and other portions of the prohibitory liquor law of this state make the keeping at the residence of a quantity of liquor in excess of one gallon of spirituous liquor prima facie evidence of intent to convey, sell, or otherwise dispose of the same, Weirman v. State, 12 Okla. Cr. 100, 152 Pac. 141.

Under the testimony in this case, the instruction quoted almost amounted to directing the jury to find the defendant guilty. There are other irregularities appearing of record, which, in view of what has been said, need not be analyzed herein.

For the reasons stated, the judgment of the trial court is reversed.

MATSON, P. J., and DOYLE, J., concur.