## BERT CLARK v. STATE.

No. A-4275.   Opinion Filed. Dec. 22, 1923.
(220 Pac. 974.)

(Syllabus.)

**Evidence—Conviction for Unlawful Possession, Based on Evidence Procured by Unauthorized Search, Set Aside.** Where a conviction is predicated largely upon evidence procured by an unauthorized search and seizure, and there is no other substantial evidence supporting the charge, the conviction will be set aside.

Appeal from County Court, Harmon County; E. C. Abernathy, Judge.

Bert Clark was convicted of illegal possession of intoxicating liquor, and he appeals. Reversed and remanded.

C. H. Madden, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J.  Bert Clark, plaintiff in error, in this opinion designated the defendant, was, by information filed in the county court of Harmon county on July 9, 1921, charged with having in his possession on that day one gallon of whis-

ky, with the unlawful intent to barter, sell, and otherwise dispose of the same. At the trial, by verdict of a jury, he was found guilty as charged. Subsequently, on January 25, 1922, the court pronounced sentence on the verdict, fixing his punishment at a fine of $100 and 30 days in jail. From the judgment so rendered, he appeals.

This conviction was predicated largely upon evidence procured by an unauthorized search and seizure. Evidence so procured has been held to be inadmissible, for the reasons set out and analyzed in detail in the case of Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545, to which reference is made for information concerning precedents and reasons for the rule there announced.

It has been urged that in this case the objection to the reception of this evidence came too late because it was not made until after the evidence on both sides had been introduced. The better practice is, where incompetent evidence, whether oral, documentary, or physical, is offered, for the objections thereto to be interposed at the time and a failure to so do may be considered a waiver. The reasons for this rule are well stated in Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303, where it is said that the proper time and only time in which objections can be made to the introduction of evidence by the mouth of witnesses is when it is offered during the trial, disapproving the rule laid down in some earlier decisions to the effect that evidence procured by unauthorized search and seizure should be objected to before the trial, and that an objection made during the trial came too late.

Eliminating this illegal evidence, we find there is not sufficient proof to sustain the verdict.

The judgment of the trial court is therefore reversed, and the cause remanded.

MATSON, P. J., and DOYLE, J., concur.