## J. J. DOOLEY et al. v. STATE.

No. A-4245.   Opinion Filed Dec. 28, 1923.
(221 Pac. 112.)

(Syllabus.)

**Appeal and Error—Prejudicial Error—Admission of Evidence Obtained by Unauthorized Search and Seizure.** Where the conviction is based solely 'on evidence obtained by an unreasonable and unauthorized search and seizure, admitted over timely objection and exception of plaintiffs in error, the error thus occasioned is prejudicial, following Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545.

Appeal from County Court, Hughes County; Owen H. Rives, Judge.

J. J. Dooley and H. Meyers were convicted of manufacturing intoxicating liquor, and each appeal. Reversed and remanded.

Anglin & Stevenson, for plaintiffs in error.

George F. Short, Atty. Gen., and John Barry, Asst. Atty. Gen., for the State.

MATSON, P. J.   This is an appeal from a judgment of conviction rendered in the county court of Hughes county on the 16th day of January, 1922, wherein plaintiffs in error were jointly tried and convicted of the crime of manufacturing intoxicating liquor, and each sentenced to pay a fine of $50 and to serve 30 days in the county jail.

In the brief filed by counsel for plaintiffs in error, it is stated that but one proposition is relied upon to reverse the judgment, to wit, that the conviction of these defendants was had solely upon testimony of officers of the sheriff's force, who obtained all their knowledge of the alleged facts to which they testified by reason of an unwarranted, wrongful, and illegal search of the premises of the plaintiff in error Dooley. The facts testified to by the state's witnesses were substantially as follows:

The sheriff of Hughes county, with two of his deputies and another man, went to the home of J. J. Dooley, in Hughes county, Okla., on the 9th day of September, 1921. Their purpose was to discover violations of the prohibitory liquor laws, if any, on such premises. They approached the house from the rear, concealing themselves behind a smokehouse, which was located a short distance in the rear of Dooley's dwelling house. Plaintiffs in error Dooley and Myers were standing in the yard between the two buildings. The officers had no search warrant. Some of the officers passed quickly by Dooley and Myers and went into the house. They asked for no permission to do so, nor was any permission given them. They testified that a still was in operation on the kitchen stove and that whisky was running from the still. They arrested both Dooley and Myers, took them to Holdenville and there filed this charge against them for manufacturing intoxicating liquor.

At the commencement of the trial counsel for plaintiffs in error filed a motion for an order directing the sheriff of Hughes county to return to them the property seized on such purported search, which motion was overruled, to which action of the court the plaintiffs in error excepted. Plaintiffs in error also offered timely objections to the introduction of testimony by each of the state's witnesses as to what they saw and found in or about the residence of J. J. Dooley, for the reason that such alleged information was obtained through an unlawful search, which objections were overruled and exceptions taken. Thereafter plaintiffs in error moved to strike the testimony of all the state's witnesses as to such information, which motion was overruled, and exceptions taken. Thereafter plaintiffs in error moved for a directed verdict, which motion was overruled, and exceptions taken.

There is no evidence in this record, except such as was obtained by the officers at the time of the search of Dooley's premises. It is admitted that the place searched was the private dwelling house of Dooley. The search was made without permission by the plaintiff in error Dooley or by any one else on the premises. There was no waiver by Dooley of his constitutional right against unlawful search and seizure. Under the recent holding of this court in Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545, where timely objection is made to the introduction of evidence obtained by an unreasonable and unauthorized search and seizure, the admission of such evidence is prejudicial error. For a full discussion of the questions involved, see the opinion in Gore v. State, supra, and authorities there cited.

As these judgments are based solely upon such illegal and incompetent evidence, they are hereby reversed, and the cause remanded to the county court of Hughes county for further proceedings not inconsistent with this opinion.

BESSEY and DOYLE, JJ., concur.