PETE COMMITTI v. STATE.

No. A-4653.    Opinion Filed Dec. 15, 1924.

(231 Pac. 316.)

(Syllabus.)

1.    Evidence—Evidence Obtained by Unlawful Search Warrant, Inadmissible. Evidence obtained by a search of the defendant's home, under a search warrant issued without authority of law, for the sole purpose of obtaining evidence against him, in violation of Bill of Rights, § 30, guaranteeing the security of the people in their right to be exempt in their persons, houses, and effects from unreasonable searches and seizures, is inadmissible against him.

2.    Trial—Intoxicating Liquors—Instruction, Following Statute, Defining "Prima Facie" as Used in Law Making Possession of Excess Amount of Liquor Prima Facie Evidence of Intention to Sell, Held Erroneous—Whether Possession of Amount of Liquor in Excess of Statutory Allowance Sufficient to Overcome Presumption of Innocence and Establish Guilt, for Jury. Under section 6999, Comp. Stats. 1921, declaring that the keeping in excess of a certain amount of intoxicating liquors "shall be prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors," it is error to charge that "the

term 'prima facie,' as used herein, means that it is such evidence as in the judgment of the law is sufficient to establish the fact of unlawful intent, .if it be credited by the jury, unless rebutted, and the contrary proved, and remains sufficient to establish the unlawful intent," because it places upon defendant the burden of raising a reasonable doubt of his unlawful intent to so convey, sell, or dispose of such liquor. Since the statute only means to make such evidence competent and sufficient to establish the unlawful intent unless rebutted, or the contrary proved, yet it does not make it obligatory upon the jury to convict after the presentation of such proof. Whether or not· such evidence is sufficient to overcome the presumption of innocence of a defendant and establish his guilt beyond a reasonable doubt, when all the evidence, including the presumptions, is considered, is for the determination of the jury.

Appeal from County Court, Latimer County; L. B. Kyle, Judge.

Pete Committi was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

H. T. Church, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. On an information charging that he did have in his possession one gallon of whisky with the unlawful intent to sell the same, Pete Committi was convicted and his punishment fixed at confinement in the county jail for 30 days and a fine of $200. He has appealed from the judgment rendered upon such conviction.

The evidence shows that a search warrant was issued on the affidavit of Austin Parks, sheriff, made on information and belief. Austin Parks, sheriff, testified that he went to the home of the defendant with three special officers and in executing the search warrant found a gallon glass container, nearly full of corn whisky, which he seized and placed in the jail; that some one poked the floor in the place where the jug

was and broke it. There was no direct testimony tending to show unlawful intent.

The record shows that before the trial the defendant moved that the warrant of arrest and information be quashed on the ground of the illegal issuance of the warrant and search and seizure, and that the defendant also moved that the evidence be withdrawn from the consideration of the jury, for the reason that said evidence was illegally procured by reason of said illegal search warrant.

At the close of the state's evidence, there was a motion by the defendant for a directed verdict of acquittal, for the reason that the testimony was insufficient to warrant a verdict of guilty, and for the further reason that the search warrant under which said testimony was procured was illegal, which motion was overruled.

The defendant as a witness in his own behalf testified that he was a man of family, having a wife and four children, had resided near Wilburton six or seven years, and was a butcher by occupation; that he had this whisky for his own personal use, and did not have the same for any unlawful purpose.

Counsel for the defendant requested the court to give the following instruction:

"The court instructs the jury that the term 'prima facie' evidence as used in the statute, and as heretofore defined to you in these instructions, is such evidence as in the judgment of the law is sufficient to establish the fact, if it be credited by the jury, and evidence of such possession is sufficient to establish the unlawful intent, unless rebutted or the contrary proven, yet it does not make it obligatory upon the jury to convict after the presentation of such proof, whether or not such evidence is sufficient to overcome the presumption of innocence of the defendant and to establish his guilt beyond a

reasonable doubt, when all the evidence, including the presumptions, is considered, is for the determination of the jury, and the term 'prima facie' evidence as applied to the evidence does not shift the burden of proof. H. T. Church, Attorney for Defendant.

"Refused and excepted to by defendant. L. B. Kyle, Judge."

In lieu thereof the court gave the following instruction:

"V. You are instructed, gentlemen of the jury, that the keeping in excess of one gallon of whisky, or one gallon of wine, or one cask of beer in any private residence by any person is prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors, and in this connection you are instructed that the term 'prima facie,' as used herein, means that it is such evidence as in the judgment of the law is sufficient to establish the fact of unlawful intent, if it be credited by the jury, unless rebutted and the contrary proved, and remains sufficient to establish the unlawful intent.

"Given and excepted to by defendant.

"Exception allowed. L. B. Kyle, County Judge."

By numerous decisions of this court it is held that evidence obtained by officers of the court by an illegal search and seizure is inadmissible. Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Allen v. State, 25 Okla. Cr. 31, 218 P. 896; Langham v. State, 25 Okla. Cr. 33, 218 P. 897; Foster v. State, 24 Okla. Cr. 36, 218 P. 898; Ashbrook v. State, 92 Okla. 287, 219 P. 347; Foley v. State, 25 Okla. Cr. 112, 219 P. 179; Magin v. State, 25 Okla. Cr. 361, 220 P. 666; Clark v. State, 25 Okla. Cr. 403, 220 P. 974; Dooley v. State, 25 Okla. Cr. 437, 221 P. 112; Russell v. State, 25 Okla. Cr. 423, 221 P. 113.

The instruction given by the court in connection with the statutory definition given of "prima facie evidence" is faulty, in that it places on the defendant the burden of rebutting the unlawful intent.

The instruction requested on the question of the presumption arising from possession of intoxicating liquor should have been given. Sellers v. State, 11 Okla. Cr. 588, 149 P. 1071; Weirman v. State, 12 Okla. Cr. 100, 152 P. 141; Caffee v. State, 11 Okla. Cr. 485, 148 P. 680; Huff v. State, 12 Okla. Cr. 138, 152 P. 464; Beal v. State, 12 Okla. Cr. 157, 152 P. 808.

In the case of Butler v. State, 12 Okla. Cr. 530, 159 P. 1090, it was held that under section 6999, Comp. Stats. 1921, declaring the keeping in excess of a certain amount of intoxicating liquor "shall be 'prima facie evidence' of an intention to convey, sell, or otherwise dispose of such liquor," it is error to charge that "the keeping in excess of one gallon of spirituous liquor constitutes prima facie evidence of intent to convey, sell, or otherwise dispose of such liquor, and places upon the defendant the burden of raising a reasonable doubt of his guilty intent to so convey, sell, or dispose of such liquor," since the statute only means to make such evidence competent and sufficient to establish the unlawful intent, unless rebutted or the contrary proved; yet it does not make it obligatory upon the jury to convict after the presentation of such proof. Whether or not such evidence is sufficient to overcome the presumptions of innocence of a defendant, and to establish his guilt beyond a reasonable doubt, when all the evidence, including the presumptions, is considered, is for the determination of the jury.

Under the evidence in this case the instruction given almost amounts to directing the jury to find the defendant guilty.

For the reasons stated, the judgment of the lower court is reversed.

MATSON, P. J., and BESSEY, J., concur.