# ROY CRUMP v. STATE.

No. A-4606.   Opinion Filed Jan. 6, 1925.
(231. Pac. 901.)

(Syllabus.)

**Evidence—Evidence Obtained by Illegal Search.**   Evidence obtained by
a search of the defendant's home by an illegal search and seizure
is inadmissible.

Appeal from County Court, Comanche County; P. G. Fullerton, Judge.

On rehearing.   Judgment of conviction reversed.

For former opinion, see 28 Okla. Cr. 115, 228 P. 1118.

J. F. Thomas and Leslie P. Ross, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error, Roy Crump, was convicted on a charge that he did have in his possession whisky, with the unlawful intent to sell the same.   In accordance with the verdict of the jury he was sentenced to pay a fine of $250 and be confined in the county jail for 30 days.   From the judgment an appeal was taken by filing in this court, on March 21, 1923, a petition in error with case-made.

The testimony of Robert Jackson and W. P. Pierce is in substance that they went to the defendant's home in the city of Lawton on the night of the date alleged and entered and found a pitcher that had a mixture of whisky and vinegar, or something else in it, which they seized and turned over to the chief of police.

J. C. Froneberger, chief of police, testified that a liquid of liquor was turned over to him by Robert Jackson or Pike Pierce, which he poured into a jug, and that it had a smell of whisky.   The jug and its contents were introduced in evidence.

The record shows that this testimony was introduced over the objections of the defendant on the ground that it was not shown that the officers had a search warrant, and for the further reason that if they had a search warrant it was issued by the police judge, who under the law has no authority to issue search warrant.

In support of these objections the witness Jackson testified that he believed he had a search warrant or Mr. Pierce had one, but that he was not certain, and that he did not know whether the search warrant was served when the raid was made or afterwards; that it was issued by the municipal judge as he remembers. Witness Pierce testified that he did not have a search warrant, and did not see any search warrant.

At the close of the state's evidence the defendant moved that all the evidence be withdrawn from the consideration of the jury for the reason that such evidence was illegally procured without a search warrant, which motion was overruled. The defendant also moved for a directed verdict of acquittal for the reason that the testimony was insufficient to warrant a verdict of guilty, which motion was overruled.

By numerous decisions of this court it is held that evidence obtained by officers of the court by an illegal search and seizure is inadmissible. Committi v. State, 28 Okla. Cr. 380, 231 Pac. 316, and cases collated. The search of the defendant's home, as shown by the record in this case, was an unauthorized trespass and an invasion of the constitutional rights of the defendant. It follows that all of the evidence on the part of the state should have been excluded on the defendant's objection, and the motion for a directed verdict should have been sustained.

The judgment of the lower court is accordingly reversed.