ERNIE STOGSDILL v. STATE.

No. A-5672.    Opinion Filed Feb. 19, 1927.
(253 Pac. 309.)

E. H. Beauchamp, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, Ernie Stogsdill, hereinafter called the defendant, was convicted in the county court of Delaware county, state of Oklahoma, on a charge of transporting intoxicating liquor from one place in the state to another, and was sentenced to pay a fine of $50 and serve a term of 30 days in the jail of Delaware county, Okla.

To reverse the judgment rendered he has appeal-

ed to this court and has assigned seven errors committed by the court in the trial of the case. Assignments of errors 1, 4, and 5 are assignments that may be properly considered together, as they, in substance, relate to the same error complained of, to wit:

"(1)   Said court erred in overruling the plaintiff in error's motion for a new trial.

"(4)   Said court erred in admitting evidence on part of the defendant in error, which was objected to at the time by plaintiff in error.

"(5)   Said court erred in overruling the demurrer to the state's evidence at the conclusion of the state's case."

To reach a proper conclusion as to whether or not the assignments set out are well taken we deem it necessary to set out a brief summary of the testimony in this case.

The state called as a witness Matt Francis, who testified that he was city marshal of the town of Grove; that on the 31st day of January, 1924, he, in company with others, was on the highway between Grove and Jay about three miles south of Grove about 9 o'clock in the evening; that they saw the defendant coming along the road, and, when he came up close to them, he asked the defendant what he had in the suitcase he was carrying, and defendant replied and said, "Old clothes." And he asked defendant to unlock it for him, and he said he had left the key at home, and he could not get it open, and I told him to wait there and I got out and opened the suitcase, and while looking through the suitcase he dropped a small fruit jar and smashed it on the ground, and I took it up and looked at it, and it was some kind of intoxicating liquor. It smelled fermented just like all whisky.

Henry Francis was called, and he testified he knew

Ernie Stogsdill, and that he was in company with other parties when they stopped the defendant on the highway between Grove and Jay; that Matt Francis asked the defendant what he had in the suitcase, and he said, "Old clothes."

"When Matt Francis got the suitcase, he unfastened the suitcase and it fell open, and while he was looking through the suitcase they heard a clash of glass, and looking toward the defendant, noticed he had thrown a quart jar down and broken it. Don't remember that defendant said anything. I believe he said he had better get rid of it while he had a chance. That is all that happened. Yes; I smelled it; I never tasted it. I do not know how whisky is made. I have had no big experience with whisky. From the odor of it, I thought it was whisky; that was the only sign or indication—was the smell. I did not see Stogsdill drop the jar."

C. L. Whitten, called by the state, testified that he was a merchant in Grove in the secondhand business; that Mr. Francis threw a flashlight on the defendant and asked him what he had in the suitcase, and he said, "Old clothes."

"Mr. Francis stopped him and asked him to let him see what was in it and unstrapped the suitcase and looked through it. While Mr. Francis was looking through the suit case, the boy threw the fruit jar down and broke it. I do not know what was in the fruit jar; it smelled like whisky. We were out there trying to locate Wyley Hanna's daughter—the one that eloped. I was not an officer. I do not know whether this whisky was obtained by a search warrant or not. I did not see any one searched."

This is, in substance, all the testimony offered by the state. At the close of the state's testimony, the defendant interposed a demurrer to the evidence of the state, which demurrer was by the court considered and overruled, to which the defendant duly excepted.

The witness Matt Francis was not even an officer having jurisdiction outside the town of Grove. He had no warrant, and his action, upon mere suspicion that the defendant had whisky in his possession, gave him no right or authority to open defendant's suitcase and search it or to place defendant under arrest and hold him in custody, and his action in so doing was unlawful, and the evidence procured under such circumstances was procured without authority of law and is inadmissible against the defendant. Graham et al. v. State, 31 Okla. Cr. 125, 237 P. 462.

It is a well-settled doctrine in this state that no search of a person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory laws by having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant, as authorized by law.

Defendant is charged in the information with transporting intoxicating liquor from a place unknown to the place where he was arrested and grip searched. The state offered no testimony other than the testimony of Matt Francis, the town marshal of Grove, Henry Francis, and C. L. Whitten, whose testimony was unlawfully procured. The objection of the defendant to its admission was well taken.

Other assignments of errors are argued by the defendant none of which we think necessary to consider. There is no competent evidence to sustain the verdict and judgment.

The case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.