## LEON RODGERS v. STATE.

No. A-5750.   Opinion Filed March 12, 1927.
(253 Pac. 115.)

Rummons & Hughes, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was charged by information in the county court of Kiowa county, Okla., with the crime of transporting intoxicating liquor, to wit, one quart of whisky, from one place in Kiowa county to another place in said county and state; namely, to a point about one-fourth of a mile north of the Ozark trail, on the section line running north and south, one mile east of Hobart, Okla.

He was tried and convicted and sentenced to serve a term of 90 days in jail and pay a fine of $500. To reverse the judgment he has appealed to this court, and has assigned six errors committed by the court in the trial of the case.

From an examination of the record the only error

assigned by the defendant that we deem necessary to consider is 3, which is as follows:

"(3) The said court erred in overruling the motion of the plaintiff in error to direct a verdict of not guilty, to which ruling the plaintiff in error duly excepted at the time."

The third error assigned raises the question of the sufficiency of the evidence of the state to sustain the verdict and judgment.

The facts in this case, as disclosed by the record, are that on the evening in question the defendant and a young lady were out driving and stopped the car on the road and were sitting in the car when the state's witnesses Walter Carter and Clyde Olney came along. Walter Carter testified, in substance, that he lived at Hobart, Okla., January, 1923; that he was a constable at that time; that he was acquainted with the defendant; that he saw the defendant on or about he 14th day of January, 1923, out on the section line east of the cemetery, sitting in a car with a young lady.

"We drove up to the car and saw some one in the car; it was so dark we could not see anything else in the car. We stopped our car, and got out, and came up to the car that the defendant and the young lady was in."

Over the defendant's objection, witness was permitted to testify that he and Clyde Olney walked up to the car and flashed their flash light in the car, and that they searched the car and found some whisky in the car.

"The only car we saw out on the road was the car the defendant and the lady were in. We found one quart of whisky in the car. We did not see the car move while we were watching it."

Clyde Olney was called and testified that, in com-

pany with Walter Carter, on the 14th day of January, 1923:

"We found a car out there on the section line east and a little south of the line running north of the cemetery, and Mr. Rodgers and a young lady were in the car, and this quart of whisky."

Objection was interposed by the defendant's counsel to the testimony of Mr. Olney as to the whisky on the same ground that was interposed to the evidence of Walter Carter. Olney further testified that they had no search warrant, or warrant for the arrest of Mr. Rodgers or the lady that was with him, or to search the car.

"We did not see any whisky or anything in the car excepting the parties until we had gotten out of our car and turned the flash lights in the car. I flashed the light on to see who was in the car; they were sitting in the back seat. Mr. Carter also flashed his light into the car. The gentleman asked us to turn off the lights, please, or something to that effect. Mr. Carter got hold of the whisky in the car, and the gentleman took it away from him and threw it on the east side of the car. The car was standing still when we first saw it, and had not moved when the whisky was found in the car. We could not see anything in the car but the parties until we went up to the car and flashed our lights in the car."

The defendant, at the close of the state's testimony, interposed a motion and demurrer to the same, for the reason that the evidence offered by the state was obtained by means of an unlawful search and seizure and without a warrant and was inadmissible, which motion and demurrer were overruled by the court and defendant duly excepted.

The defendant called several witnesses to testify in his behalf and the defendant also testified as to what had taken place, and that he had not moved the

car from where it was standing when the whisky was put into it.

The state offered no testimony other than the testimony of the witnesses Carter and Olney, which testimony was procured by a search of defendant's car without a search warrant and was inadmissible. The objection of the defendant to the admission of the testimony of Carter and Olney on the ground that they had procured the evidence unlawfully was well taken. Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Foley v. State, 25 Okla. Cr. 112, 219 P. 179; Dooley v. State, 25 Okla. Cr. 437, 221 P. 112; Stogsdill v. State, 36 Okla. Cr. 194, 253 P. 309; Jones v. State, 36 Okla. Cr. 180, 253 P. 310.

There being no evidence to support the verdict and judgment without the use of the evidence which was unlawfully obtained, the conviction of the defendant must be reversed.

Judgment reversed and remanded, with directions to discharge the defendant.

DOYLE, P. J., and EDWARDS, J., concur.