# G. M. COBURN v. STATE.

No. A-10057.   Feb. 17, 1943.
(134 P. 2d 372.)

J. M. Springer, of Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and David P. Hervey, Co. Atty., of Stillwater, for defendant in error.

BAREFOOT, J. Defendant, G. M. Coburn, was charged in the county court of Payne county with the crime of unlawful possession of intoxicating liquor, to wit, 15 pints of whisky; was tried, convicted, and sentenced to pay a fine of $100 and to serve 60 days in the county jail. From this judgment and sentence he has appealed.

A motion to dismiss this appeal has been filed by the state. A response thereto has been filed by defendant. From an examination of the record the motion to dismiss the appeal is overruled and this case, which has been briefed both by the defendant and the state, will be considered on its merits.

The charges arise by reason of a search of the premises or home of defendant a mile and a half northwest of the city of Stillwater, on June 5, 1940, by three deputy sheriffs of Payne county, who searched the premises by reason of a search warrant, and found therein 15 pints of tax-paid whisky; three pints in the refrigerator and twelve pints in the basement.

The first contention of defendant is that the whisky which was offered in evidence was not properly identified. It is unnecessary to state the evidence. We have carefully examined the record, and the officers who conducted the search identified the whisky and also the box in which it was placed, and on which the names of the officers were written at the time of the search. There is no merit in this contention, and it is highly technical.

It is also contended that the county attorney propounded questions to defendant which attempted to de-

grade the defendant before the jury. One of these questions was: "Q. Well, how many brands of whisky did they take from you?" And at another time, when being questioned with reference to the search of his premises, he was asked: "Q. Had they ever done that before? A. Yes." This answer was stricken out of the record by the court. It is evident that the defendant was not prejudiced by these questions. Nor was he prejudiced by the fact that the county attorney excepted to some of the rulings of the court. There is nothing in the record to show that the exceptions were taken for the purpose of prejudicing the rights of the defendant.

It is next contended that the court erred in refusing to give certain requested instructions. We have examined these instructions. Every point covered by these special instructions that was proper and material to the issues involved was included in the general instructions given by the trial court.

The contention that the court erred in giving instruction No. 8 cannot be sustained. The case of Walton v. State, 53 Okla. Cr. 24, 3 P. 2d 213, cited by defendant, does not sustain this contention. This instruction embodies the very terms which the court in that case holds to be a proper instruction based upon the statute with reference to "prima facie evidence."

There is nothing in the record which shows that this defendant did not have a fair and impartial trial. This court by an examination of its own records recalls that this defendant has been before it on other occasions. His persistence in violating the terms of the prohibition laws seems to have no end, notwithstanding his age and physical condition.

The judgment and sentence of the county court of Payne county is affirmed.

JONES, P. J., concurs.   DOYLE, J., dissents.

DOYLE, J. (dissenting).   With what intent a persons keeps intoxicating liquor is always a question for the jury, to be determined upon a consideration of the evidence; in the determination of that question the jury is required by the statute to consider the keeping of a certain amount of intoxicating liquor as "prima facie evidence" of an intention to convey, sell or otherwise dispose of such liquor, but the evidence may be rebutted by other evidence in the case, whether shown by the evidence on the part of the defense, or by the state in connection with the evidence proving possession, if any has been proved, the jury must also take into consideration the presumption of innocence of the accused until the contrary is proved beyond a reasonable doubt.

In the case of Committi v. State, 28 Okla. Cr. 380, 231 P. 316, 317, under the statute (sec. 2626, O. S. 1931, 37 O. S. 1941 § 82) we said:

"It is error to charge that 'the term "prima facie," as used herein, means that it is such evidence as in the judgment of the law is sufficient to establish the fact of unlawful intent, if it be credited by the jury, unless rebutted, and the contrary proved, and remains sufficient to establish the unlawful intent,' because it places upon defendant the burden of raising a reasonable doubt of his unlawful intent to so convey, sell, or dispose of such liquor.   Since the statute only means to make such evidence competent and sufficient to establish the unlawful intent, unless rebutted, or the contrary proved, yet it does not make it obligatory upon the jury to convict after the presentation of such proof.   Whether or not such evidence is sufficient to overcome the presumption of innocence of a defendant and establish his guilt beyond a reasonable doubt, when all the evidence, including the presumptions, is considered, is for the determination of the jury."

Counsel for defendant requested the court to give the following instruction:

"The court instructs the jury that the term 'prima facie' evidence as used in the statute, and as heretofore defined to you in these instructions, is such evidence as in the judgment of the law is sufficient to establish the fact, if it be credited by the jury, and evidence of such possession is sufficient to establish the unlawful intent, unless rebutted or the contrary proven, yet it does not make it obligatory upon the jury to convict after the presentation of such proof, whether or not such evidence is sufficient to overcome the presumption of innocence of the defendant and to establish his guilt beyond a reasonable doubt, when all the evidence, including the presumptions, is considered, is for the determination of the jury, and the term 'prima facie' evidence as applied to the evidence does not shift the burden of proof."

The instruction requested should have been given. Citing Huff v. State, 12 Okla. Cr. 138, 152 P. 464; Beal v. State, 12 Okla. Cr. 157, 152 P. 808; Butler v. State, 12 Okla. Cr. 530, 159 P. 1090.

For the reasons stated, I think the judgment should be reversed and the cause remanded with direction to grant a new trial according to law.