## BILL MAGIN v. STATE.

No. A-4567.    Opinion Filed Dec. 10, 1923.
(220 Pac. 666.)

(Syllabus.)

**Intoxicating Liquors—Issuance of Search Warrant on Information and Belief—Illegality.** Issuance of warrant to make search for illicit intoxicating liquor, on affidavit based on information and belief, and without stating facts showing probable cause, is improper.

Appeal from County Court, Grady County.

Bill Magin was convicted of unlawful possession of intoxicating liquors, and he appeals. Reversed and remanded.

H. F. Tripp, and E. Hamilton, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Bill Magin, was charged in the county court of Grady county with the offense of unlawful possession of intoxicating liquor, alleged to have occurred on or about the 19th day of June, 1922. The trial resulted in a verdict of guilty with the punishment fixed as above stated, and judgment was rendered on the 12th day of December, 1922, and petition in error with case-made attached was filed in this court on the 9th day of February, 1923.

The Attorney General has filed the following confession of error:

"Comes now George F. Short, the duly elected and qualified Attorney General of the state of Oklahoma, and confesses error in the above-entitled cause, for the reason that the record discloses the following facts, to wit:

"On June 19, 1922, Matt Sankey, sheriff of Grady county, Oklahoma, made application to T. P. Moore, justice of the peace, for a search warrant, which application is shown in the record to be as follows:

" 'In the Justice Court within and for Grady County, Oklahoma.

" 'State of Oklahoma, Grady County—ss.:

" 'Comes now Matt Sankey, and upon oath states that he is sheriff of Grady county, and that to the best knowledge and belief of this affiant there is now located in the building located at 427 Chickasha avenue, now occupied by Will Magin, quantities of malt, vinous, spirituous, and fermented liquors, and imitations and substitutes are kept for an unlawful purpose, and are to be disposed of in violation of the provisions of the prohibition laws of the state of Oklahoma. Wherefore he asks that a search warrant be issued, commanding the sheriff or any constable, marshal, or policeman in Grady county, Oklahoma, to search said premises and seize said liquors if any should be found therein.

" 'Matt Sankey.

" 'Subscribed and sworn to before me on this the 19th day of June, 1922.

" 'T. P. Moore, J. P.,

" '13th District, Grady County.'

"Based upon this application a search warrant was issued, and by authority of such search warrant the officer searched the premises of the plaintiff in error, and found between 40 and 45 gallons of grape juice and strawberry juice. Herbert Farley, who was at that time an employee of the plaintiff in error, testified on cross-examination that they had put the grape juice and strawberry juice in kegs; that they had put sugar in it; that he did not know how long it was left in the kegs, but that the pulp had molded; that nobody else except Farley and Magin drank it; that there was about 40 or 45 gallons altogether; and he practically admits that it was wine. Part of this beverage was taken by the officers and used in evidence against the plaintiff in error, and the search warrant predicated upon the above-quoted application was also admitted in evidence against him.

"The plaintiff in error in his brief urges that the court erred in admitting in evidence the search warrant, verified 'on the best knowledge and belief' of the sheriff, and cites section 30, article 2, of the Constitution of Oklahoma, which is the section relative to illegal searches and seizures. One of the more recent decisions of this court construing said section of the Constitution is that of Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545. In that case the defendant was charged with violating the prohibitory laws of this state, and this court held that a search warrant must not be issued, except upon a showing of probable cause, supported by oath or affirmation, which must set forth the facts tending to establish probable cause; that an affidavit stating mere conclusions, or made on belief, without stating the facts, is insufficient, and a search warrant based upon such a showing is void, and also that any articles, papers, or property seized by the officers or the court under color of an unreasonable or unauthorized search and seizure, taken from the home, office, or private premises of one accused of an

offense, should not be used as evidence against the accused, where timely objections are made to the introduction of such evidence so illegally obtained. In the body of the opinion the court said:

" 'The defendant says these two affidavits are insufficient in form and substance to authorize the issuance of search warrants, and that the two search warrants issued, based upon these affidavits, are therefore void, not being in compliance with the constitutional and statutory regulations relating to search and seizure; that the statement made in the affidavits that the affiant "has probable cause for believing and does believe that intoxicating liquors are being manufactured," etc., amounts to a complaint made on information and belief only, and does not "set forth the facts tending to establish the grounds of the application or probable cause for believing they exist," as provided in our statutes. This court is of the opinion that this objection is well taken. In Salter v. State, 2 Okla. Cr. 464, 102 Pac. 719, the question of the issuance of warrants, whether in felony or misdemeanor cases, is ably discussed and analyzed by Judge Doyle, in which opinion the decisions of the United States Supreme Court, touching upon the question, are reviewed from the beginning, as well as the rulings of other courts, all to the effect that a complaint upon information and belief constitutes no grounds upon which a magistrate may issue a warrant. The probable cause must be shown, as distinguished from the mere information and belief of affiant. In another, opinion written by Judge Doyle, Silva v. State, 6 Okla. Cr. 97, 116 Pac. 199, this court held, among other things, that a search warrant issued upon information and belief is issued without warrant of law and in violation of section 30 of our Bill of Rights.'

"In view of the facts above mentioned and the law applicable thereto, the Attorney General respectfully submits to the honorable court his confession of error. George F. Short, Attorney General, by G. B. Fulton, Assistant Attorney General."

After considering the record, in connection with the confession of error filed by the Attorney General, the conclusion is reached by the court that the confession of error should be sustained. The judgment of conviction is therefore reversed, and the cause remanded to the county court of Grady county for further proceedings not inconsistent herewith.

Mandate forthwith.