## PETE COMMITTI v. STATE.

No. A-4654. Opinion Filed Dec. 15, 1924.
(231 Pac. 317.)

(Syllabus.)

1. **Intoxicating Liquors—Evidence Insufficient to Sustain Conviction for Unlawful Possession.** In a prosecution for unlawful possession of alleged intoxicating liquor, evidence held insufficient to sustain a conviction.

2. **Evidence.—Conviction on Evidence Obtained Under Illegal Search Warrant, Reversed.** Where a conviction is based solely on evidence obtained under a search warrant, issued without authority of law, in violation of Bill of Rights, § 30, and the statute, §§ 7012 and 7013, Comp. Stats. 1921, and admitted over defendants' objection and exception, the conviction will be reversed as contrary to law and the evidence.

Appeal from County Court, Latimer County; L. B. Kyle, Judge.

Pete Committi was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

H. T. Church, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that the defendants, Pete Committi and Anna Committi, did in Latimer county on the 24th day of December, 1923, have and keep in their possession about 30 gallons of intoxicating liquors, to wit, beer, a malt and fermented liquor, with the unlawful intent upon their part to sell the same. They were tried together, the defendant Pete Committi was found guilty, and his punishment fixed at a fine of $100 and 30 days' confinement in the county jail. He has appealed from the judgment rendered on such conviction.

The evidence shows that a search warrant was issued by H. E. McLarty, justice of the peace, on the affidavit of Claud

Briggs, county attorney, made on information and belief, and the county attorney, the undersheriff, and another officer acting under the authority of this search warrant went to the home of the defendants to search for intoxicating liquors.

Claud Briggs testified:

"I had been informed that the defendants had a considerable quantity of beer. I filed an affidavit and obtained a search warrant. We went there Sunday morning. Mrs. Committi was there, and Mr. Wright gave her a copy of the search warrant. Mr. Wright went through the house. Mr. Crenshaw and myself after going through the kitchen then went into the cellar and found a keg; it was nearly full. We drew out about a gallon of this beer. He tasted it, and I drew out two or three tablespoons full. Then we carried the keg out, and Mr. Crenshaw picked up an axe and knocked the end out and spilled the contents. It was Choctaw beer.

"Mr. Crenshaw said: 'Anna, this is pretty good beer.' Mrs. Committi said: 'Yes, we don't make anything but good beer; we make it for our own use and make good beer.' All along she insisted that they made this for their own use. I labeled a half-gallon fruit jar full and turned it over to the jailor, but no analysis was made of it."

The half-gallon sample of the contents of the keg was offered in evidence.

The evidence for the state was all admitted against the defendants' objection and exception.

When the state rested, the defendants asked for a directed verdict of acquittal.

The testimony of the defendants in their own behalf was in substance that Mrs. Committi made the beverage, using hops, karo, and bran, and did not use any malt. Both testified that it was not Choctaw beer, and that it was not intoxicating.

It is contended for appellant that all the evidence offered by the state was incompetent because said evidence was obtained through an illegal search warrant.

An examination of the record discloses that the affidavit is on information and belief only, and the search warrant was issued in violation of the provision of the Bill of Rights that—

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized." Const. art. 2, § 30.

And in violation of the statutes providing:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized." Comp. Stats. 1921, § 7012.

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort." Section 7013, Comp. Stats. 1921.

These provisions safeguard the citizen in his person, his home, and his property against unreasonable and unlawful search and seizure. The search of the defendants' home, as shown by the record in this case, was an unauthorized trespass and an invasion of the constitutional rights of the defendants. See companion case of Committi v. State, 28 Okla. Cr. 380, 231 P. 316, for authorities collated on this question.

It follows that all of the evidence on the part of the state should have been excluded on the defendants' objection, and

the motion for a directed verdict should have been sustained. Having reached this conclusion, it is unnecessary to consider the other errors assigned.

The judgment of the lower court is reversed.

MATSON, P. J., and BESSEY, J., concur.