ALBERT BARNHILL et al. v. STATE.

No. A-4754.    Opinion Filed July 11, 1925.
(238 Pac. 220.)

Cad Mathis, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charges that in Pittsburg county, on the 22d day of October, 1922, Albert Barnhill, Bert Barnhill, and John Barnhill did "have in their possession certain intoxicating liquor, to wit, about one gallon of whisky, with the unlawful intent" to sell the same.   On the trial the jury found the defendants guilty, and fixed the punishment of each "at imprisonment in the county jail for six months and a fine of $500."

To reverse the judgments rendered on the verdict they appeal and assign as error that the trial court erred in admitting incompetent evidence over the objection of the defendants, and in overruling the demurrer of the defendants to the evidence of the state at the close of the state's evidence, and that the verdict of the jury is contrary to both the law and the evidence, and is excessive, unjust, and is the result of passion and prejudice.

The evidence shows that a deputy sheriff and a constable searched the home and farm of the defendant Albert Barnhill, a colored man, where they found and seized two bottles of whisky.

Bud Bickle, deputy sheriff, testified that he met one of the defendants about 150 yards west of the house; that he pulled his gun out of the scabbard, and told him he had something hid around there, and wanted him to dig it up, and the boy went to a stump and got the bottle of whisky; that he left the constable in charge of the defendants, and about 300 yards from the house he found 11 barrels of mash which he busted and broke up; that he delivered the two bottles of whisky to the sheriff's office, but they were not there now.

Ivan Davenport, constable at Blocker, testified that they found about a half gallon of whisky behind the trunk in one of the rooms.

At the close of the state's evidence there was a motion by the defendants for a directed verdict, on the ground that the evidence was insufficient to warrant a conviction, which was overruled.

For the defense, Alberta Smith testified that she was keeping house and picking cotton, and had been housekeeper there for about two years; that the whisky found in the house was found in her room; that she bought it from a white man, and paid $4 for it; that she put it

there herself for the purpose of making a liniment with poke root out of it for her crippled leg; that the defendants did not know that she had the whisky.

The defendant John Barnhill testified that he bought for his own personal use the whisky that he took from the stump and gave the deputy sheriff; that he never sold any whisky, and never intended to sell any whisky; that neither his father nor brother knew anything about it. The defendant Bert Barnhill testified that he had no interest in any way in any whisky; that he had been working away from home, and had returned the day before, and had gathered a load of corn that morning, and was unloading it when the officers came.

Upon a careful examination of the record in this case we have reached the conclusion that the judgment appealed from should be reversed. The only direct evidence of possession was obtained by threats and intimidation. We may remark here that, legally and morally, a more serious offense than that charged was committed by the officer in drawing a gun on one of the defendants, and compelling him to produce the bottle of whisky. An officer seeking the enforcement of one law should not violate another in order to accomplish his purpose. Such conduct brings the administration of justice into disrepute, and tends to the subversion of peace and good order.

The evidence is also insufficient to show an unlawful intent to sell as alleged in the information.

It follows that the court erred in overruling the motion for a directed verdict.

It also appears that the court gave the following instruction:

"No. 2. It is your duty to determine from the evidence under the instructions of the court as to whether the defendants are guilty or innocent of the crime of which they

stand charged. (Excepted to by each of the defendants. Exception allowed.) S. F. Brown, County Judge."

This instruction is not a correct statement of the law. It is the law that a defendant in a criminal action is presumed to be innocent until the contrary is proven by competent evidence, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted.

For the reasons stated, the judgments appealed from herein are reversed.

BESSEY, P. J., and EDWARDS, J., concur.