## C. CARIGNANO v. STATE.

No. A-4102. Opinion Filed July 18, 1925.
(238 Pac. 507.)

Philos S. Jones, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction rendered on the verdict of a jury finding the defendant guilty of unlawful possession of intoxicating liquors, and assessing his punishment at a fine of $250 and confinement for 90 days in the county jail.

A number of errors are assigned and argued, but one of which was deemed necessary to notice, and that is that the court erred in admitting evidence obtained by

unlawful search and seizure, under a search warrant illegally issued.

The undisputed facts are that the defendant was engaged in the general mercantile business on the south side of Main street in the city of Wilburton, and resided in a building adjoining; that on the day alleged, in the absence of the defendant, his wife being in charge of their store, Austin Parks, under-sheriff with two deputy sheriffs, went to the store and under authority of a search warrant searched the premises for intoxicating liquors, securing a pint and a half of whisky, ten bottles of vino vitæ, and a bottle of wine of pepsin.

On the objections of the defendant the trial court held that the search warrant was illegal because the affidavit upon which it was issued was insufficient, but allowed the evidence of the liquor found and seized to be admitted.

The defendant was not present when the place was searched, and it does not appear that his wife made objection to the search of the premises by the officers.

In the case of Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654, it was held:

"The constitutional rights of a person to be secure against unreasonable searches and seizures and self-crimination were not waived when his wife admitted to his home federal officers, who came without warrant, demanding admission to make search of it under government authority, even assuming that it is possible for a wife, in the absence of her husband, thus to waive his constitutional rights, since, under the implied coercion here presented, no such waiver was intended or effected."

It is the well-settled doctrine in this state that evidence obtained by unlawful search and seizure is not admissible in evidence against an accused where timely objections are made to the introduction of such evidence so illegally ob-

tained, and that the same rule will apply to objections made to oral testimony of the officers relating to such illegal search and seizure. Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Committi v. State, 28 Okla. Cr. 380, 231 P. 316; Keith v. State, 30 Okla. Cr. 168, 235 P. 631.

It appearing that all the state's evidence in this case was obtained by an unlawful search and seizure and contrary to Const. art. 2, § 30, and that the same was improperly admitted against the defendant in violation of his rights under Const. art. 2, § 21, the judgment appealed from will be reversed and the cause remanded with direction to discharge the defendant.

BESSEY, P. J., and EDWARDS, J., concur.