## D. L. LEWIS v. STATE.

No. A-5364. Opinion Filed Dec. 15, 1925.
(241 Pac. 835.)

I. E. Hill, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   Plaintiff in error, D. L. Lewis, was convicted on a charge that in Cimarron county, June 27, 1924, he "did then and there unlawfully, knowingly, willfully manufacture, ferment, and possess a compound mixture, mash, wort, and wash fit for distillation, and for the manufacture of beer, wine, distilled spirits, and other alcoholic liquors," and in accordance with the verdict of the jury was sentenced to pay a fine of $50, and to be confined in the county jail for 30 days.   To reverse the judgment entered on the verdict he appeals.

Of the numerous errors assigned it is only necessary to consider one—that the court erred in admitting incompetent evidence over the objections of the defendant.

Ben Cox, sheriff, testified that under authority of a search warrant he visited the defendant's place, read the search warrant to him, and the defendant said, "Go ahead

and help yourselves"; that he found some kind of a fruit mash in a crock which he produced, and the same was introduced in evidence; that he found the same at the well house.

C. A. Esmay testified that he was with the sheriff and searched the place, and found this stuff in a stone crock; that the defendant said he made it for cider out of either peaches or apricots.

Charley Godown testified that when he was working for the defendant they went to Boise City, and the defendant bought some apricots and sugar, and said he was going to make some wine or cider; that night he saw him mix the apricots and sugar with water, but did not see him put any yeast in the mixture.

As a witness in his own behalf, the defendant testified that he lived on a farm with his wife and three children; that about two days before the search was made he mixed some sugar and water and then put some apricots in the mixture for the purpose of making cider, but did not put any yeast in the mixture; that he had no intention of making an alcoholic beverage out of it.

When the case was called for trial, the defendant filed a motion to suppress the evidence on the ground that the affidavit upon which the search warrant was based is sworn to on information and belief, and said search warrant was void and illegally issued. The affidavit upon which the search warrant issued recites:

"W. F. Ricks, of lawful age, being first duly sworn on oath, deposes and says that he believes intoxicating liquor, mash, still, and still worm are being kept by D. L. Lewis on the premises occupied by the said D. L. Lewis about one mile south of Boise City."

And it contains a further recital as follows:

"Affiant states that he has been reliably informed that

said D. L. Lewis is keeping and has in his possession all of the above-mentioned articles and things; that he verily believes said information to be true."

It is the well-settled doctrine in this state that issuance of a search warrant to search premises for intoxicating liquor is unauthorized when based on an affidavit made on information and belief, and evidence obtained by a search of the defendant's premises under such illegal search warrant is inadmissible against him, and that the same rule applies to objections made to oral testimony of officers relating to such illegal search and seizure. Committi v. State, 28 Okla. Cr. 380, 231 P. 316; Carignano v. State, 31 Okla. Cr. 228, 238 P. 507; Magin v. State, 25 Okla. Cr. 361, 220 P. 666.

It appearing that all the state's evidence in this case was obtained by an unlawful search and seizure, and contrary to Const. art. 2, § 30, and that the same was improperly admitted against the defendant in violation of his right under Const. art. 2, § 21, the judgment appealed from will be reversed, and the cause remanded, with direction to discharge the defendant.

BESSEY, P. J., and EDWARDS, J., concur.