## JIM DUPREE v. STATE.

No. A-5562.   Opinion Filed Feb. 5, 1927.
(252 Pac. 857.)

Morris & Tant, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of maintaining a public nuisance where whisky was manufactured, sold, bartered, and given away, and sentenced to pay a fine of $500 and to be confined in the county jail for a period of six months.

Defendant operated a small stand a few miles north of Oklahoma City, on the Edmond road, where he resided and sold gasoline, lunches, cold drinks, and probably surrepetitiously furnished intoxicating liquor. A temporary injunction against this place was procured in the district court of Oklahoma county, and certain officers went there to serve the order and nail up the house. They entered and made a search and found some glasses, in one of which was a small amount of corn whisky. Near the house was found a sack with a half pint bottle in it, which also contained a little whisky. Across the paved highway, some 100 yards away, was found a box containing several bottles, in some of which was a small quantity of whisky.

Defendant objected to the introduction of the evidence obtained by the search and objected to argument and reference to the injunction suit. These objections were overruled. This, we think, was error. The search was made without a search warrant. It was not authorized by the injunction process and on timely objection should have been excluded. The argument of the assistant county attorney, as shown by the record, also was error, since, apparently, the injunction was issued ex parte and no trial had been had on that matter. If the defendant had liquor about his premises, the state could easily have procured a search warrant and have proceeded according to law.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.