# A. BERNO v. STATE.

No. A-5827.  Opinion Filed Feb. 12, 1927.
(252 Pac. 1111.)

D. E. Ashmore and A. W. Anderson, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, P. J.  Appellant, A. Berno, was convicted on a charge that he did have the possession of certain intoxicating liquors, to wit, 1 pint of whisky and 17 gallons of Choctaw beer, with the unlawful intent to sell the same, and in accordance with the verdict of the jury was sentenced to pay a fine of $500 and be confined for 6 months in the county jail.

Of the various errors assigned, we deem it only necessary to consider two, that the court erred in overruling appellant's motion to suppress the evidence, and that the evidence is insufficient to support the verdict.

The proof on the part of the state shows that the

complaining witness, G. W. Boots, deputy sheriff, accompanied by two other officers, visited the home of defendant between Spelter City and Dewar, and by virtue of a search warrant searched the place and found a keg of what they termed to be Choctaw beer in the cellar, and found about a half pint of whisky in a cabinet in the house.

There was no competent evidence tending to show that the so-called Choctaw beer contained more than one-half of 1 per cent. of alcohol, or that the same was intoxicating.

Appellant and his wife both testified that the whisky was in the medicine cabinet seized by the officers and was used in caring for a sick baby.

When the case was called for trial, appellant filed a motion to suppress the evidence on the ground that the affidavit on which the search warrant was based "is sworn to on information and belief, and that the same was therefore illegally issued and void."

The affidavit upon which the search warrant issued recites:

"Before me, H. C. Thomas, a justice of the peace in and for said county, personally appeared W. R. Ingle, who, being duly sworn, states that he has probable cause for believing and does believe that certain quantities of intoxicating liquors are being kept for the purpose of sale, barter, giving away, and otherwise furnishing by A. Berno."

It is the well-settled doctrine in this state that issuance of a search warrant to search premises for intoxicating liquor is unauthorized when based on an affidavit made on information and belief, and evidence obtained by a search of the defendant's premises under such illegal search warrant is inadmissible against him, and

that the same rule applies to objections made to oral testimony of officers relating to such illegal search and seizure. Committi v. State, 28 Okla. Cr. 380, 231 P. 316; Lewis v. State, 32 Okla. Cr. 431, 241 P. 835.

It follows that the court erred in overruling the motion to suppress the evidence obtained under illegal search warrant.

Assuming that the evidence for the state was competent, we think it wholly fails to make a case, because there was no material testimony tending to show that the liquid contained more than one-half of 1 per cent. of alcohol measured by volume, or other proof to show that it was intoxicating liquor.

The judgment appealed from is reversed and cause remanded, with direction to dismiss.

EDWARDS and DAVENPORT, JJ., concur.