JOE WILLIAMS v. STATE.

No. A-5735.  Opinion Filed July 23, 1927.
(258 Pac. 356.)

324

Cad Mathis, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J. Plaintiff in error, Joe Williams, was found guilty of having illegal possession of intoxicating liquor, to wit, Choc beer, and his punishment assessed at a fine of $250 and imprisonment in the county jail for 90 days. To reverse the judgment he appeals.

The testimony of Frank Turnbeaugh, L. O. Short, and John Walden is that in executing a search warrant they visited the home of Joe Williams, and searched the place and found several gallons of what they called Choc beer, and two or three gallons of wine, and that they destroyed the beer and wine. It is admitted that no return, as by law required, was ever made on the search warrant. All the testimony for the state was admitted against the defendant's objections that it was obtained on an illegal search warrant, based upon an affidavit made on information and belief. As a witness in his own behalf the defendant testified that the so-

called Choc beer was not intoxicating liquor, but was a cooling drink for the use of his family.

Of the various errors assigned, we deem it only necessary to consider the one, that the court erred in permitting the state to introduce testimony to impeach the credibility of the defendant as a witness, by permitting witnesses for the state to testify as to the reputation of the defendant as a vendor of intoxicating liquors.

In rebuttal the witness Turnbeaugh, over the defendant's objections, testified as follows:

"Q. How long have you known Joe Williams? A. About a year, I guess; something like that.

"Q. Will ask you if you know his reputation in the community in which he lives as being a man who handles Choc beer, and sells the same. A. Yes, sir.

"Q. Is that reputation good or bad? A. It is bad."

The defendant's motion to strike overruled. Witness L. O. Short, recalled, testified as follows:

"Q. How long have you known Williams? A. Since I have been on the force here; about three years.

"Q. I will ask you if you know his reputation in the community in which he lives as being a man who handles Choc beer?

"Counsel for the defendant: Now wait a minute— To which we object as being incompetent, irrelevant, and immaterial; his reputation does not enter into this case. This was a private home; they claimed they found the stuff there.

"County Attorney: The question goes to his veracity.

"The Court: The Criminal Court of Appeals says it does. Yes; he may answer it.

"A. Yes.

"Q. Is it good or bad? A. It is bad."

To the same effect is the testimony in rebuttal of the witness John Walden.

By numerous decisions of this court, it is held that the state cannot attack the character of a defendant, unless he puts his character in issue by introducing evidence of good character. Todd v. State, 30 Okla. Cr. 410, 236 P. 437; Kirk v. State, 11 Okla. Cr. 203, 145 P. 307; Sims v. State, 11 Okla. Cr. 382, 146 P. 914; Cantrell v. State, 12 Okla. Cr. 534, 159 P. 1092; Upton v. State, 12 Okla. Cr. 593, 160 P. 1134; Salyer v. State, 25 Okla. Cr. 433, 221 P. 118.

A person accused of crime is entitled to a fair and impartial trial, conducted according to the established principles of law, the most important of which is that the verdict of the jury shall be founded only upon competent evidence. If a defendant cannot be fairly convicted, he should not be convicted at all, and to hold otherwise would be to provide ways and means for the conviction of the innocent.

It also appears that the search warrant in this case was based on affidavit made on information and belief. See Whitehead v. State, 28 Okla. Cr. 193, 230 P. 291; Carignano v. State, 31 Okla. Cr. 228, 238 P. 507; Lewis v. State, 32 Okla. Cr. 431, 241 P. 835.

The record shows that the court gave the following instruction:

"No. 2. It is your duty to determine from the evidence, under the instructions of the court, as to whether the defendant is guilty, or innocent, of the crime with which he stands charged. Excepted to by the defendant."

It is the law that the defendant in a criminal action is presumed to be innocent until the contrary is proven

by competent evidence, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted. Barnhill v. State, 31 Okla. Cr. 189, 238 P. 220.

For the errors indicated, the judgment of the lower court is reversed.

EDWARDS and DAVENPORT, JJ., concur.