## J. B. ALFORD v. STATE.

No. A-6166.   Opinion Filed Oct. 4, 1927.
(259 Pac. 670.)

Bicking & Wilson, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.   Plaintiff in error, J. B. Alford, was convicted on a charge that on or about the 8th day of August, 1925, within the corporate limits of the city of Tulsa, he did have in his possession one gallon of alcohol with the unlawful intention to sell the same, and in accordance with the verdict of the jury he was sentenced to pay a fine of $100 and imprisonment in the county jail for 90 days.

The evidence shows that the officers on the day alleged raided the Baltimore Drug Store, 309 East Second street, Tulsa, and found two bottles of Jamaica ginger and a gallon can of alcohol. One of the three or four officers testifying said that it was grain alcohol.

When the case was called for trial, defendant moved to suppress the evidence on the ground that the affidavits upon which the search warrant was based is sworn to on information and belief, and said search warrant was therefore void and illegally issued.

The affidavit upon which the search warrant issued reads:

"Ned Gritts being duly sworn, upon oath deposes and says: That he has probable cause to believe that certain intoxicating liquor is being manufactured, sold, * * * to wit: Wine, beer, whisky, and other intoxicating liquors; that he believes the same to be true for the reason that the place has the reputation of being a place where intoxicating liquor is kept in violation of law.

"That said liquor is being disposed of, and kept in the manner aforesaid by one John Doe, whose real name is unknown to informant, on the following described premises, situate in the city of Tulsa, Tulsa county, Okla.; Certain Baltimore Drugs located at 319 East 2d St."

It is the uniform holding of this court that issuance of a search warrant to search premises for intoxicating liquor is unauthorized when based on an affidavit made on information and belief, and evidence obtained by a search of the defendant's premises under such illegal search is inadmissible against him, and that the same rule applies to oral testimony of officers relating to such search and seizure. Magin v. State, 25 Okla. Cr. 361, 220 P. 666; Whitehead v. State, 28 Okla. Cr. 193, 230 P. 291; Committi v. State, 28 Okla. Cr. 380, 231 P. 316; Carigano v. State, 31 Okla. Cr. 228, 238 P. 507; Lewis v. State, 32 Okla. Cr. 431, 241 P. 835.

It appearing that all the state's evidence in this case was obtained by an unlawful search and seizure and contrary to Const. art. 2, § 30, and that the same was improperly admitted against the defendant in violation of his right under Const. art 2, § 21, the judgment appealed from will be reversed and the cause remanded, with direction to dismiss.

EDWARDS and DAVENPORT, JJ., concur.