BUD FORD v. STATE.

No. A-5732.   Opinion Filed Dec. 29, 1927.
(262 Pac. 504.)

Frank Petree, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was charged by information in the county court of Jackson county with having intoxicating liquor in his possession, with the willful and unlawful intent then and there on the part of the said defendant to barter, sell, and furnish said intoxicating liquor to other persons in violation of the prohibitory laws of the state of Oklahoma. To this information the defendant entered his plea of not guilty.

The defendant filed his motion to quash the information and warrant issued in this cause, setting forth various reasons, among others, that the affidavit for the search warrant stated conclusion or belief, and was not based upon the actual knowledge of J. L. English, who made the affidavit for the search warrant, and that the search and seizure made in this case is void, without force, and amounted to nothing more than a trespass.

Testimony was taken by the court upon the motion, and the court, after hearing the testimony and argument, overruled defendant's motion to quash, and defendant duly excepted. A jury was impaneled and sworn to try the issues, and, after hearing the evidence introduced, over the objection of the defendant, and argument of counsel and instruction of the court. returned a verdict finding the defendant guilty, and fixing his punishment at 30 days in the county jail, and a fine of $200. Motion for a new trial was filed, considered, and overruled,

and defendant reserved exceptions. All the evidence introduced by the state was procured by reason of a search warrant issued upon an affidavit of J. L. English, who made the affidavit on information and belief, and without any actual knowledge of affiant that the defendant was violating the prohibitory laws of the state of Oklahoma. The record shows that the sheriff, in executing the search warrant, found whisky, which he seized; and the record further shows that, at the close of the state's evidence, the defendant moved for a directed verdict of acquittal, for the reason that the testimony was insufficient to sustain a verdict of guilty.

The defendant, for his third assignment of error alleged to have been committed by the court, states as follows:

"Error of the court in admitting evidence obtained under the search warrant, over the defendant's objection."

Discussing the third assignment of error, the defendant complains that the affidavit upon which the search warrant was based was illegally made on information and belief, and that the evidence obtained thereby was improperly admitted, because the search warrant was based upon an affidavit that did not state sufficient facts to warrant the issuing of the search warrant. The quesion as to what is necessary to be stated by an affiant to obtain a search warrant has been raised so often and passed on by this court that it seems almost unnecessary to refer to the decisions.

In Gore v. State, 24 Okla. Cr. 394, 218 P. 545, in passing on a question similar to this, the court said:

"A search warrant must not be issued except upon a showing of probable cause, supported by oath or affirmation, which must set forth the facts tending to establish probable cause. An affidavit stating mere conclusions, or made on belief without stating facts, is insuffi-

cient, and a search warrant based upon such a showing is void."

In this case the party making the affidavit for the search warrant, when called as a witness in support of the motion to suppress the evidence of the state, admitted that he had no personal knowledge of any violation by the defendant, and in making the affidavit it was based upon hearsay and belief.

In Hannan v. State, 29 Okla. Cr. 203, 233 P. 249, this court, in passing on a similar question involved here, says:

"It is insufficient for the issuance of a search warrant that an affiant or deponent shall swear, ever so positively, to the conclusion that liquor is stored or kept in violation of law in a described building, without affirmatively stating the facts upon which his knowledge is founded. * * *

"The facts stated in an affidavit for a search warrant should be of such nature and kind as might be competent for the consideration of a jury in a prosecution for possession of liquor in violation of law. (a) Facts should be shown indicative of an illegal purpose, as well as of possession." Magin v. State, 25 Okla. Cr. 361, 220 P. 666; Committi v. State, 28 Okla. Cr. 385, 231 P. 317; Baker v. State, 28 Okla. Cr. 408, 231 P. 320; Ashbrook v. State, 92 Okla. 287, 219 P. 347; Dooley v. State, 25 Okla. Cr. 437, 221 P. 112; Whitehead v. State, 28 Okla. Cr. 193, 230 P. 291; Luster v. State, 30 Okla. Cr. 342, 235 P. 935; Stogsdill v. State, 36 Okla. Cr. 194, 253 P. 309.

At the close of the state's evidence, defendant interposed a demurrer on the ground that the state had failed to prove an offense against the defendant, and that the state failed by competent evidence to prove the allegation in the information, and moved the court to instruct the jury to return a verdict of not guilty, which motion was overruled by the court, and defendant duly excepted. The defendant urges that the affidavit upon which the

search warrant was based was void and insufficient, not being in compliance with the Constitution of the state relating to search and seizure; that the statement made in the affidavit "that affiant had probable cause for believing, and does believe, that intoxicating liquor is being manufactured," etc., amounts to a complaint made on information and belief only, and does not set forth facts sufficient to establish ground for probable cause for believing they exist, as provided in our statute.

This court is of the opinion that the objection of the defendant to the introduction of the testimony procured under the search warrant based upon the affidavit was well taken, and that the only testimony that the state had was testimony unlawfully procured.

There are other assignments of error argued by the defendant, but, in the view we take of this case, we do not deem it necessary to discuss them. We hold there is no legal testimony to support the verdict of the jury and judgment of the court based thereon.

For the reasons stated, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.