ARTHUR L. MURRAY v. STATE.

No. A-6240.   Opinion Filed Feb. 11, 1928.
(264 Pac. 215.)

J. R. Hannah, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Bryan county, Okla., on a charge of unlawful possession of intoxicating liquor, and was sentenced to confinement in the county jail for 30 days, and to pay a fine of $50 and costs.

The defendant prosecutes an appeal to this court for a reversal of the judgment on the grounds that the court erred in not sustaining the demurrer of the defendant to the evidence of the state on the ground that the evidence was illegally admitted and was illegally obtained by an unlawful search of the defendant's home. The evidence on the part of the state shows that the premises searched was the residence of the defendant. It is contended by the state that some one went before Justice of the Peace H. M. Young and made an affidavit for a search warrant, describing the place to be searched as "a four-room house, 3 east of Bennington, in Bryan county."

On the trial of the case the affidavit could not be found, but a copy of an affidavit in blank, which they state was the same form that was used in this case, was set out; the copy of said blank is as follows:

"Affidavit for Search Warrant.

"——, being first duly sworn on oath, states that there is probable cause to believe and that he does believe that —— has and keeps whisky and intoxicating liquor and machinery and distills for making the same and —— in his possession in his residence and

on his premises described as follows: ——. Wherefore he prays that a search warrant may be issued for the search of said residence and premises for said property, and that the matter may be dealt with according to law.

"Subscribed and sworn to before me this the —— day of ——, 192—.

"——, Justice of the Peace."

The defendant has assigned seven errors alleged to have been committed by the trial court, but the only assignments that we deem necessary to consider are assignments 1, 2, and 5, which are as follows:

"(1) The court erred in overruling the motion of plaintiff in error for new trial.

"(2) The said court committed error in not sustaining motion of defendant in error."

"(5) The court committed an error in admitting incompetent, irrelevant, and immaterial testimony and evidence on the part of the plaintiff in error, which was duly excepted to by plaintiff in error during the trial of said cause."

These three assignments of error may be considered together as they relate to the sufficiency and competency of the testimony to sustain the judgment and sentence of the court. The testimony on behalf of the state tends to show that C. L. Shoemake, a deputy sheriff, went before Justice of the Peace H. M. Young and made an affidavit for a search warrant, and that the witness Shoemake, in company with Special Deputy W. C. Baxter went to the home of defendant, and searched his residence, and found a quantity of whisky. The state offered no testimony other than the testimony procured by witnesses under what they claim to be a search warrant. It is argued by the defendant that the search warrant did not properly describe the premises, and that the affidavit for the search warrant

did not allege the place to be searched was the home of the defendant, and that a portion of it was used as a business house, shop, or place of storage where whisky was manufactured, bartered, sold, and given away.

A careful examination of the record and the copy of the form of affidavit that, it was alleged, was made for the search warrant shows that if the affidavit was made, it was made on information and belief and does not attempt to comply with the statute or the decisions of this court, nor does it contain the necessary allegation necessary to be stated in an affidavit on which to base a search warrant to search the residence and home of the defendant.

In Russell v. State, 25 Okla. Cr. 423, 221 P. 113, it was held that:

"Liquor obtained by a search of defendant's premises under a search warrant issued without authority of law, for the sole purpose of obtaining evidence against him, in violation of Bill of Rights, § 30, guaranteeing the security of the people, in their right to be exempt in their persons, houses, papers, and effects from unreasonable search and seizure, is inadmissible against him."

In Duncan v. State, 11 Okla. Cr. 217, 144 P. 629, it was held that, under the statute (section 7013, Compiled Statutes 1921), "no officer is authorized to search a private residence occupied as such, or any portion thereof, unless it or some part of it be used as a store, shop, hotel, boarding house or place of storage, or unless such residence is a place of public resort," and "no magistrate in this state has the power to issue a search warrant to search" a private residence occupied as such, "unless it is made clearly to appear that such private residence comes within the exceptions stated in" said section. Foster v. State, 27 Okla. Cr. 270, 226

P. 602; Hannan v. State, 29 Okla. Cr. 203, 233 P. 249; Coatney v. State, 30 Okla. Cr. 270, 235 P. 942.

If the affidavit was made in the form of State's Exhibit C, it was insufficient to give the justice of the peace jurisdiction to issue a search warrant, and the testimony for the state was incompetent and inadmissible as having been obtained by a search of the defendant's home under authority of an illegal search warrant. Objection to the admission of the state's evidence at the time it was offered by the state should have been sustained, and the demurrer of the defendant to the evidence was well taken.

There being no competent testimony to sustain the verdict and sentence, the judgment of the trial court is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.