## MAT BEASTER v. STATE.

No. A-6714.   Opinion Filed Dec. 8, 1928.
(272 Pac. 391.)

184

G. L. Bynum, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J. The plaintiff in error was tried upon an information charging that he did have in his possession 3½ gallons of Choctaw beer with the unlawful intent of selling the same, and in accordance with the verdict of the jury he was sentenced to pay a fine of $100 and confinement for 60 days in the county jail. To reverse the judgment, he appeals.

The errors assigned are, in substance, that the court erred in admitting incompetent evidence on the part of the state, and in refusing to direct a verdict of acquittal on the ground that all the state's evidence was obtained by unlawful search and seizure under a search warrant illegally issued.

The undisputed facts are that the officers in executing a search warrant to search the home of the defendant found 3 gallons of what they termed Choctaw beer.

The defendant testified that he lived with his wife and children east of Bryant; that when the officers came there they went down in the cellar and emptied a barrel of vinegar and bursted the barrel; that there was about a half gallon of Choctaw beer in the house, and that was the only Choctaw beer the officers found; that his wife's folks were visiting and brought that half gallon of Choctaw beer there with them.

At the close of the evidence, the defendant moved the court to direct a verdict of acquittal, for the reason that the affidavit for the search warrant based on in-

formation and belief was insufficient, which motion was by the court overruled.

The affidavit introduced in evidence, omitting formal parts, recites:

"Before me, J. W. Hinton, a Justice of the Peace in and for said County, personally appeared S. A. Hamil who being duly sworn, states: That he has probable cause for believing and does believe that certain quantities of intoxicating liquors are being kept for the purpose of sale, barter, giving away and otherwise furnishing, and are being sold, bartered, given away and otherwise furnished, unlawfully, by Mat Beaster in the 4 Room house used and occupied by him as a residence located 2 Blocks N. E. Depot in the City of Bryant, Okmulgee County, State of Oklahoma."

It is well settled in this state that issuance of warrant to make search for intoxicating liquors is unauthorized when based on affidavit made on information and belief, and evidence obtained by a search of defendant's home under such illegal search warrant is inadmissible against him. Magin v. State, 25 Okla. Cr. 361, 220 P. 666; Carignano v. State, 31 Okla. Cr. 228, 238 P. 507.

It appearing that all the state's evidence in this case was obtained by an unlawful search and seizure and contrary to Const. art. 2, section 30, and that the same was improperly admitted against the defendant in violation of his rights under Const. art. 2, section 21, the judgment appealed from is reversed, and the cause remanded, with direction to dismiss.

EDWARDS and DAVENPORT, JJ., concur.