JOE YEARGAIN, Jr., v. STATE.

No. A-9390. Sept. 8, 1939.

(93 P. 2d 1104.)

William F. Thomas, of Miami, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and William E. Poteet, Co. Atty., of Miami, for the State.

BAREFOOT, J.   Defendant was convicted in the county court of Ottawa county, upon the charge of unlawful possession of intoxicating liquors, and was sentenced to pay a fine of $125, and serve 60 days in the county jail, and has appealed.

This charge grew out of the execution of a search warrant to search the "Riverside Night Club," near Miami, in Ottawa county. As the result of this search five pints of whisky and six pints of alcohol were secured. An information was filed by the county attorney against the defendants, Joe Yeargain, Jr., and Don Lankard.

Both the affidavit and the search warrant described the premises to be searched, but was in the name of "John Doe," and not in the name of either of the defendants. The court sustained a demurrer to the evidence as to the defendant Don Lankard, and defendant was convicted.

Counsel for defendant assigns and discusses a number of errors. In order to properly determine the issues, it only becomes necessary to discuss one of the errors assigned.

A motion was made to suppress the search warrant and the evidence obtained thereunder, for the reason that the affidavit upon which the search warrant was is-

sued was based upon information and belief, and did not state facts sufficient to warrant the issuance and execution of the search warrant. This question has been before this court upon many different occasions, and it is true that there not only is a seeming conflict in some of the decisions, but there is a conflict.

In the case of Ray v. State, 43 Okla. Cr. 1, 276 P. 785, a search warrant based upon practically the same allegations as the instant case was upheld in an opinion by Judge Chappell. Judge Davenport wrote a strong dissenting opinion in this case. The only material difference in the Ray Case and the case at bar is that the real name of the defendant was given in the Ray Case and here the name of John Doe was used. This court, as it is now constituted, has had occasion to pass upon this question in the cases of: Davis v. State, 65 Okla. Cr. 306, 86 P. 2d 65; Skelton v. State, 67 Okla. Cr. 215, 93 P. 2d 543, and after a careful study of the prior decisions of this court, have come to the conclusion that the affidavit as used in the instant case is based wholly upon information and belief, and does not state facts sufficient upon which to base the issuance of a search warrant.

The court at the time of the trial of this case was acting under the decision in the Ray Case, and under an interpretation of that decision he was justified in holding the search warrant was properly issued, but, as above stated, that decision has been practically overruled by the later decisions of this court. And, as we think, was not justified under the former holdings of this court.

The writer of this opinion, since becoming a member of the court, has had occasion to discuss the legality of the issuance of search warrants in the following cases: McHenry v. State, 61 Okla. Cr. 450, 69 P. 2d 90; Gransbury v. State, 64 Okla. Cr. 423, 82 P. 2d 240; Handley v. State, 65 Okla. Cr. 268, 85 P. 2d 436; and Denton v. State, 62 Okla. Cr. 8, 70 P. 2d 135.

On reading of the above cases, in all of which the affidavit for a search warrant was sustained, it will be noted that facts were given by the party making the affidavit, showing that he had the knowledge upon which the affidavit was based, and that the affidavit was in positive terms. In the instant case everything points to the fact that the maker of the affidavit did not know the facts, and the testimony given by him on the motion to suppress bears this out. It was clearly made upon information and belief.

The affidavit for the search warrant in this case provided:

"Affidavit for Search Warrant for
Intoxicating Liquors

"State of Oklahoma, County of Ottawa, SS.

"Before: John H. Venable, County Judge, Ottawa County, Oklahoma.

"State of Oklahoma, Plaintiff, v. John Doe, whose true name is to the affiant unknown, Defendant. No. 5285.

"Roy Denman, of lawful age, being first duly sworn, on his oath, deposes and says:

"That he has probable cause to believe and does believe that intoxicating liquors are being unlawfully kept, stored and concealed upon the following described premises, to wit:

" 'A certain one story frame building known as the Riverside Night Club, together with the outbuildings appurtenant thereto and the curtilage thereof, said buildings being located approximately two hundred and fifty (250) yards west of the west end of the south bridge across the Neosho River at Miami, Ottawa County, Oklahoma, and being located on the west side of U. S. Highway No. 66, detour, at the said point; the said building being the first night club encountered on Highway No. 66 after leaving the aforesaid bridge going west or south.'

"And for reasons upon which to base by said belief, deponent alleges and states as follows, to wit:

"1. That the said premises and buildings thereon is a place of public resort.

"2. That numerous persons frequent the said place for the purpose of purchasing intoxicating liquor.

"3. That persons have recently been seen coming from said premises in an intoxicated and drunken condition.

"4. That divers persons who use intoxicating liquors to excess habitually frequent said place.

"5. That the said place has a reputation in the community in which it is located as being a place where intoxicating liquor is sold.

"6. That the said premises has a reputation in the community in which it is located as being a place where intoxicating liquor in large quantities is unlawfully kept, stored for the purpose of being bartered, sold, given away and otherwise furnished to those who frequent said place.

"7. That this affiant has been told by reliable persons, peaceable and law abiding citizens who are familiar with the said premises and who purport to speak from personal knowledge, that portions of the said premises are used as a place where intoxicating liquors are kept in large quantities for the purpose of being bartered, sold, given away and otherwise dispensed to other persons. And this affiant, based upon the above knowledge and information hereinbefore set out, does believe and has probable cause to believe that the said premises, or a portion thereof, are being used as a store room for the purpose of selling, bartering, giving away and otherwise furnishing such intoxicating liquor in violation of the prohibitory liquor laws of the state of Oklahoma, and that such intoxicating liquors in large quantities are being kept for the purpose of selling, bartering, giving away and otherwise furnishing the same in violation of the prohibitory laws of the state of Oklahoma to people and customers who frequent said place, and affiant further states that he has probable cause to believe and does believe based upon the facts and information hereinbefore set out, that John Doe, whose true name is to the affiant unknown, who is in possession of the said premises, is guilty of keeping intoxicating liquor at said place

for said purposes, and that said place is a place of public resort, and that some portion of the same is used for the unlawful storage and concealment of large quantities of intoxicating liquor."

It begins by stating that the party who makes it "has cause to believe and does believe, etc." After the description of the property is given, it is said: "and for reasons upon which to base my said belief, deponent alleges and states as follows, to wit." Here follows seven paragraphs in the affidavit. A part of these allegations are grounds for the issuance of a search warrant under the statute where they are based upon facts known to the party making the affidavit at the time the same is made. If the facts are not known to the maker of the affidavit they are then mere conclusions, and can only be stated upon "information and belief."

The seventh paragraph states: "That this affiant has been told by reliable persons, etc." After the reading of this paragraph one can but come to the conclusion, that the party making the affidavit had no personal knowledge of the facts alleged in the preceding six paragraphs, but his only information was from others, and is what is known in law as evidence obtained upon "information and belief." No facts are given in the affidavit to substantiate the statements that "the premises are a place of public resort," or that the party making the affidavit had actually "seen persons coming from said premises in an intoxicated condition," or "that persons who habitually frequented said premises were excessive users of intoxicating liquor." The affidavit does not set out that the maker thereof had any knowledge that these facts existed. Certainly, with very little exertion on the part of the officer, he could have ascertained these facts on his own knowledge, and could have made an affidavit based upon facts which he knew, and which he could have stated in positive terms, as a basis for the issuance of the search warrant. It sometimes seems that some officers resent

the fact that they are required to secure a search warrant before being permitted to search the homes and places of business of the citizens of this state. The answer is, that the Constitution of the United States, of this state, and the statutes enacted by the Legislature have seen fit in their wisdom to provide that it shall be done, and this court, following the decisions of the Supreme Court of the United States, have continually held that this should be done. It is useless to quote from those decisions, as they give a full and complete reason why this provision is in the Constitution of the United States and the state of Oklahoma.

The question of affidavits made upon "information and belief" was discussed by this court in the case of Gore v. State, 24 Okla. Cr. 394, 218 P. 545. The decision in that case followed an earlier decision of the court in the cases of Salter v. State, 2 Okla. Cr. 464, 102 P. 719, 25 L.R.A., N.S., 60, 139 Am. St. Rep. 935. This case has been cited and followed by many decisions of this court. Salter v. State, 2 Okla. Cr. 464, 102 P. 719, 25 L.R.A., N.S., 60, 139 Am. St. Rep. 935; Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Hannan v. State, 29 Okla. Cr. 203, 233 P. 249; Ford v. State, 38 Okla. Cr. 375, 262 P. 504; Magin v. State, 25 Okla. Cr. 361, 220 P. 666; Dupree v. State, 36 Okla. Cr. 142, 252 P. 857; Spikes v. State, 65 Okla. Cr. 254, 85 P. 2d 327.

See, also, Giles v. United States, 1 Cir., 284 F. 208; United States v. Kaplan, D. C., 286 F. 963, 964; Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L.R.A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319; Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; State of West Virginia v. Wills, 91 W. Va. 659, 114 S. E. 261,

24 A.L.R. 1398. On pages 1408 to 1420 of 24 A.L.R. the question of the admissibility of evidence secured by illegal search and seizure is fully discussed, and all the authorities for and against the introduction of such testimony are cited. Under the decision of the case of Gore v. State, supra, this court has followed the late decisions of the Supreme Court of the United States which hold that this evidence is inadmissible, and the prior cases of this court holding different are specifically overruled. Beaty v. State, 35 Okla. Cr. 217, 249 P. 973; Parker v. State, 35 Okla. Cr. 196, 249 P. 432; Murray v. State, 39 Okla. Cr. 232, 264 P. 215.

The above decisions review the decisions of the Supreme Court of the United States, and other states, upon this question, and we shall not review them here.

We are clearly of the opinion, as expressed in the decisions heretofore cited, that where a search warrant is based upon an affidavit made merely upon "information and belief," and the party making the same has no actual knowledge of the contents thereof, and no facts are stated in the affidavit to support the issuance of the same, that the search warrant issued thereon is void and that the evidence obtained thereunder cannot be introduced in evidence.

The case of Ray v. State, 43 Okla. Cr. 1, 276 P. 785, insofar as it is in conflict with this decision, is hereby overruled.

For the reasons above stated the judgment of the county court of Ottawa county is reversed.

DOYLE, P. J., and DAVENPORT, J., concur.